AMALENDU MAJUMDAR and PURABI MAJUMDAR, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Majumdar v. Commissioner
Docket No. 17516-88
United States Tax Court
T.C. Memo 1989-418; 1989 Tax Ct. Memo LEXIS 416; 57 T.C.M. (CCH) 1254; T.C.M. (RIA) 89418; August 14, 1989
Leonard Gerstein, Joseph L. Fieger, and Eileen Murphy, for the petitioners. Janine M. Poronsky, for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: This case is before the Court on petitioners' motion for litigation costs pursuant to section 7430 [1] filed under Rule 231. Respondent has filed his response to said motion, and petitioners have filed a reply to that response. Neither party has requested a hearing, and we have determined that no hearing is necessary. Based upon *418 our assuming without deciding that petitioners' version of the facts as hereinafter set forth is correct, we hold for respondent. Petitioners maintained their legal residence in Skokie, Illinois, at the time they filed their petition in this case. On April 11, 1988, respondent issued a deficiency notice in which he determined that there was a deficiency of $ 18,052 in petitioners' Federal income tax for the taxable year ended December 31, 1982, plus additions to tax of $ 903 under section 6653(a)(1), an additional unspecified amount under section 6653(a)(2), and $ 4,513 under section 6661. The sole basis for the deficiency was the disallowance of losses of $ 37,582 stemming from an investment of petitioners in "Energy Resources." On July 11, 1988, petitioners filed their petition herein in which, with respect to the deficiency, they claimed only that respondent erred in not allowing a deduction of $ 10,000 representing cash expenditures which "were an allowable deduction per the *419 IRS Settlement Offer for Energy-Resources, Inc." No document reflecting such offer was submitted with the petition. On August 24, 1988, respondent filed his answer in which he denied the allegations relating to the claimed $ 10,000 deduction and asserted the increased rate of interest under section 6621(c). On October 12, 1988, the Court issued a notice setting the case for trial at a Trial Session commencing in Chicago, Illinois, on March 13, 1989. At the call of the calendar of said Trial Session, the parties reported the case as settled on the basis of an underlying deficiency in tax of $ 13,117, additions to tax of $ 1,312 under section 6661 and 120 percent of the interest due on $ 13,117 under section 6621(c), and no additions to tax under section 6653. The settlement in respect of the underlying deficiency was based on a concession by respondent of the $ 10,000 claimed deduction. The parties had entered into a closing agreement (Form 906) in March 1986, relating to petitioners' investment as limited partners in Energy Resources, Ltd., which included the following provision: 1. The taxpayer(s) is (are) entitled to an ordinary deduction from taxable income for any taxable *420 period subsequent to 1979 for which the statute of limitations is open, in the amount of unrecouped cash payments made by the named partner in the taxable period as a part of the cash portion of the purchase price as required by the Subscription Agreement, or as a result of the partner's liability under notes executed by the Partnership under the Lease Agreement. The closing agreement was lost or misplaced and was not taken into account in issuing the notice of deficiency for 1982. In a notice of deficiency for the taxable year ended December 31, 1983, issued to petitioners under date of April 13, 1987, an allowance of a $ 10,000 deduction was made to petitioners' income in respect of Energy Resources, Ltd., in accordance with the statement that "ADJUSTMENTS MADE TO PARTNERSHIP INCOME OR LOSS ARE BASED ON A PRIOR YEAR CLOSING AGREEMENT (FORM 906) SIGNED BY YOU AND THE INTERNAL REVENUE SERVICE." Petitioners were allowed deductions in respect of the investment in Energy Resources, Ltd., in the amount of $ 10,000 for each of the taxable years ended December 31, 1980 and 1981. In order for petitioners to prevail, they must have been the "prevailing party" within the meaning *421 of section 7430(c)(2) (since amended and redesignated as (c)(4), see . One of the requirements of that section is that petitioners have the burden of proving "that the position of the United States in the proceeding was not substantially justified," i.e., unreasonable. Rule 232(e); ; . The "position of the United States" was defined in section 7430(c)(4) (since amended and redesignated as (c)(7), see ) to include: (A) the position taken by the United States in the civil proceeding, and (B) any administrative action or inaction by the District Counsel of the Internal Revenue Service (and all subsequent administrative action or inaction) upon which such proceeding is based. Since the petition herein was not filed after November 10, 1988, the provisions of the present section 7430(c)(7)(B) relating to "the position taken in an administrative proceeding" do not apply. See . Although *422 the Courts of Appeals are divided on the issue of whether the actions by respondent's representatives prior to the time that District Counsel becomes involved in the case should be considered, see , it is the established position of this Court that they should not. . The essential thrust of petitioners, position herein is that, because of the existence of the closing agreement, it was unreasonable for respondent to have issued the notice of deficiency for 1982. But petitioners make no claim that District Counsel was involved in the instant case prior to the issuance of the deficiency notice. Insofar as events subsequent to the issuance of the deficiency notice are concerned, petitioners again do not point to any action or inaction by District Counsel. Rather they rest their claim of unreasonableness on the fact that, on January 13, 1989 (after the petition and answer herein were filed), respondent's Chicago Appeals Office suggested that petitioners sign another closing agreement for 1982 in respect of their investment in Energy Resources, Ltd. We note *423 that petitioners have not claimed that District Counsel was involved in such action, and we are not disposed to impute such action to District Counsel; nor are we prepared to conclude that any such action would, in any event, require a decision that respondent's position herein was unreasonable. A review of the record herein shows that not only did petitioners not include a copy of the closing agreement with their petition but did not do so with their motion for litigation costs. [2] They did not submit an actual copy with date and signatures until they responded to the Court's order dated May 26, 1989, directing petitioners to reply to respondent's objections to their motion for litigation costs by dealing, specifically among other matters, with "the existence of a closing agreement signed by both parties (and if such agreement existed, a copy thereof)" (emphasis in original). Moreover, we note that the closing agreement did not specify the amount of the specific dollar amount of the allowable deduction in respect of Energy Resources, Ltd. It is at least open to question that each year's amount had to be separately verified before any concession could appropriately be made. *424 Finally, it is not without significance that the record fails to reflect any effort on the part of petitioners to persuade District Counsel to dispose of the case more expeditiously or that respondent's counsel affirmatively delayed such disposition. [3]
Under all the circumstances herein, we conclude that petitioners have not carried their burden of proof that respondent's position herein was substantially unjustified within the meaning of section 7430(c)(2). Cf. , affd. . [4] Accordingly, petitioner's motion will be denied. In view of our conclusion, we do not reach the other issues *425 involved herein, namely, whether since petitioners only placed in issue $ 10,000 of the $ 37,582 disallowed deduction, they have "substantially prevailed with respect to the amount in controversy, or * * *the most significant issue" within the meaning of section 7430(c)(2)(A)(ii)(I) and (II) and whether the amount of the litigation costs sought by petitioners is unreasonable within the meaning of section 7430(c)(1). An appropriate order and decision will be entered. Footnotes
1. All statutory references are to the Internal Revenue Code as amended and applicable to the circumstances herein, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Petitioners apparently had previously submitted an unsigned copy of the closing agreement to respondent's Chicago Appeals Office in 1986. Petitioners claim that the original signed copy of the closing agreement was in the files of their prior counsel who would not release it until petitioners paid certain disputed fees. The fees apparently were finally paid and the signed closing agreement released on June 15, 1989. ↩
3. See .↩
4. Cf. also ; ; .↩